ROBERT D. GREEN, PETITIONER, *v.* COMMISSIONER, OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53647. Promulgated November 11, 1931.

*E. Barrett Prettyman, Esq.*, for the petitioner.
*Eugene Harpole, Esq.*, and *Edwin M. Niess, Esq.*, for the respondent.

OPINION.

Smith: The petitioner contends that:

\* \* \* If these exchanges were one transaction, they were a reorganization within the definition in the Act, since under that view, two corporations, in one transaction, transferred all their assets to two new corporations for the securities of the latter, and, in the same transaction, these securities were cross-exchanged. In that view, if these constituted but one transaction, Community of Delaware and Power *were* parties to this *same* reorganization and the exchanges fall squarely within Section 203 (b) (2). On the other hand, if these are to be considered as separate transactions and to be viewed independently each of the other, there is no contention by petitioner that the exchange of Community of Delaware stock for securities of Power came within subdivision (2) of Section 203 (b); our contention is that the transaction, if viewed separately and apart from the others, is covered by subdivision (4) of that section. \* \* \*

The respondent contends that the petitioner realized a taxable gain upon the exchange of his common stock in *Community of Illinois* through the medium of these several transactions for debentures and preferred stock of *Power* and Class A and Class B common stock of *States*.

It is to be noted that the agreements for the consummation of the stipulated transactions were made by and between a group of the common stock holders of *Community of Illinois* and the corporation designated as *States*. As a corporation *Community of Illinois* had no part in the several agreements and resulting transactions except to be reorganized into *Community of Delaware* with the same capital structure and assets. In the original agreement (Exhibit 1), between the majority common stock holders of *Community of Illinois* and *States* is the following:

\* \* \* It is the desire and plan of the parties hereto to effect a reorganization and consolidation of their \* \* \* public utility holdings, while preserving their control of and proportionate interests in the aggregate property to be included in the consolidation and, pursuant to said general plan of reorganization and consolidation, to organize a new corporation under the laws of Delaware, to be called American Commonwealths Power Corporation, for the purpose of consolidating said properties and interests now owned and controlled by the respective parties hereto \* \* \*

On brief the petitioner argues that:

\* \* \* The properties owned by two corporations were consolidated into one new corporation and through an exchange of stock and securities the equities of the former unrelated groups of shareholders were preserved.

The stipulated facts show this argument to be erroneous. *Power* acquired the property of *States* and certain shares of the common stock of *Community of Delaware*, the property of the petitioner and other stockholders in that corporation. Viewing the transactions here involved as a whole, we are convinced that there were two parallel reorganizations with two resulting corporations, *Community of Delaware* and *Power*, which, for reasons hereinafter stated, were neither merged nor consolidated.

As we said in *William H. Mullins*, 14 B. T. A. 426, 433:

It may be conceded that the purpose and plan of this transaction was a reorganization \* \* \* but that fact is not determinative of the question here nor is it of any special significance. \* \* \*

We are here concerned with whether the petitioner realized a taxable gain within the purview of the statute.

\* \* \* And this question must be resolved upon what was actually done, and not the effect of what was done. (*B. F. Saul*, 4 B. T. A. 639, 647), nor upon what may have been the design and purpose of the parties to the transaction (*United States v. Phellis*, 257 U. S. 156, 172). Neither is it material that the same result might have been obtained by some other method or plan of reorganization. In the case of *Anna M. Harkness*, 1 B. T. A. 127, 130, we said:

> It seems to us to be fundamentally unsound to determine income tax liability by what might have taken place rather than what actually occurred. Even though the practical effect may be the same in either case, the resulting tax liability may be quite different. *United States v. Isham*, 17 Wall. 496.

Speaking generally, in determining what was actually done in any case, this Board will regard substance rather than form. However, material and essential facts will not be dismissed or put aside as mere matters of form simply because they are related to and are steps in a comprehensive plan of reorganization, or together constitute a method for the attainment of a single desired result. *Edward A. Langenbach*, 2 B. T. A. 777, 784. In the instant case each step employed to bring about the ultimate result was essential to the consummation of the transaction and it can not be said that each, or any one, was not substantial.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

* * * The fact that these several transactions together comprised a single plan of reorganization does not render them any the less separate and distinct undertakings. The nature of each transaction is determinable from the facts relating to it, and is not changed because of its association with other transactions in a larger and more comprehensive plan. [*William H. Mullins, supra.*]

The material provisions of the Revenue Act of 1926 are as follows:

SEC. 203. (b) (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

(3) No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

(4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

*    *    *    *    *    *    *

(h) As used in this section * * *

(1) The term " reorganization " means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place or organization, however effected.

(2) The term " a party to a reorganization " includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

(i) As used in this section the term " control " means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

*Transaction One.*—Pursuant to their agreement, the majority common stockholders of *Community of Illinois* caused *Community of Delaware* to be organized and the assets of *Community of Illinois* conveyed to *Community of Delaware* in exchange for the latter's capital stock, which was issued in the same amount as that of *Community of Illinois*. This was a reorganization (section 203 (h) (1)) resulting in no recognized gain (section 203 (b) (3)).

*Transaction Two.*—The stockholders of *Community of Illinois*, a party to the reorganization under Transaction One, exchanged their

stock for stock in *Community of Delaware*, a party to the same reorganization (section 203 (h) (2)), and there was no recognized gain or loss upon the exchange (section 203 (b) (2)).

*Transaction Three.*—The petitioner and other former stockholders of *Community of Illinois* transferred their 137,108 shares of the common stock of *Community of Delaware* (acquired by Transaction Two) to *Power* in exchange for $2,364,000 (par) debentures, 13,711 shares of preferred and 27,422 shares of common stock of *Power*. This was not a reorganization, since *Power* did not acquire the first and second preferred stock of *Community of Delaware* (see section 203 (h) (1) (A)), but merely acquired the property of individual stockholders in exchange for its securities and stock. The record indicates that each transferor received stock and securities " substantially in proportion to his interest in the property " exchanged. This transaction falls within the purview of section 203 (b) (4), since the transferors received all of the then issued stock and were in control of *Power* " immediately after the exchange " (section 203 (i)). The fact that this control was soon relinquished does not negative the import of the statute, the requirement of which is fulfilled when the transferor is in control immediately after the exchange. Cf. *Federal Grain Corporation*, 18 B. T. A. 242; *Minnie C. Brackett*, 19 B. T. A. 1154; affirmed by Circuit Court of Appeals, 7th Circuit, Apr. 21, 1931.

*Transaction Four.*—*Power* acquired all the assets of *States* in exchange for 82,266 shares of the common stock of *Power*. This was a reorganization within the purview of section 203 (h) (1) (A), resulting in no recognized gain under section 203 (b) (3). However, the language used in section 203 (h) (1) (B) would seem to indicate otherwise, but, as stated in G. C. M. 1753 (Cumulative Bulletin VI–1, p. 138) :

Section 203 (h) (1) (A) is not inconsistent with section 203 (h) (1) (B). One supplements the other. For example, a transfer of *all* the assets of a corporation constitutes a reorganization under the second part of definition (A) irrespective of the element of 80 per cent control demanded by definition (B). Again, a transfer of but a part of the assets of a corporation can never, of itself, result in a reorganization under section 203 (h) (1) (A), but it does result in a reorganization under section 203 (h) (1) (B) if there is present an additional element, namely, immediate control of the transferee corporation by the transferor or its stockholders, or both.

Cf. *National Pipe & Foundry Co.*, 19 B. T. A. 242; *Crosby-Wirth Sales Book Co.*, 19 B. T. A. 1074; *First National Bank of Champlain, N. Y.*, 21 B. T. A. 415; *A. W. Leonard et al.*, 21 B. T. A. 549; *Cortland Specialty Co. et al.*, 22 B. T. A. 808.

*Transaction Five.*—The petitioner and other stockholders who acquired 27,422 shares of common stock of *Power* (Transaction Three), a party to a reorganization (Transaction Four), exchanged

this stock for 237,276 shares of Class A common and 132,768 shares of Class B common of *States*, a party to the reorganization (Transaction Four), and there was no recognized gain upon the exchange (section 203 (b) (2)).

It follows, therefore, that the petitioner realized no present gain recognized under the taxing acts, upon the exchanges by which he disposed of his stock in *Community of Illinois* and ultimately acquired stock and securities in *Power* and *States*. The respondent's determination of a deficiency can not be approved.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

---

MARQUETTE concurs in the result only.

ARUNDELL, concurring: In my opinion the several transactions discussed in the Board's report were all steps in carrying out one general plan and their effect should be considered as a whole and not separately. So considered, they constitute a reorganization within the meaning of the Act, and, by reason of section 203 (b) (2), the exchange does not give rise to gain or loss.

GOODRICH agrees with the foregoing.