THOMAS H. REDINGTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50953.   Promulgated February 29, 1932.

*George T. Evans, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The petitioner contends that no taxable profit resulted from the exchange of his stock in the Windsor Company for stock in the Beatrice Company as set out in our findings of fact, since the acquisition by the Beatrice Company of all of the common stock of the Windsor Company was a reorganization within the meaning of the term as used in section 112 (i) (1) of the Revenue Act of 1928. The respondent denies the correctness of this contention of the petitioner.

Pertinent provisions of the Revenue Act of 1928 are as follows:

SEC. 111. DETERMINATION OF AMOUNT OF GAIN OR LOSS.

(a) Computation of gain or loss.—Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in section 113, and the loss shall be the excess of such basis over the amount realized.

\*     \*     \*     \*     \*     \*     \*

(c) Amount realized.—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.

(d) Recognition of gain or loss.—In the case of a sale or exchange, the extent to which the gain or loss determined under this section shall be recognized for the purposes of this title, shall be determined under the provisions of section 112.

\*     \*     \*     \*     \*     \*     \*

SEC. 112. RECOGNITION OF GAIN OR LOSS.

(a) General rule.—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) Exchanges solely in kind.—

(1) PROPERTY HELD FOR PRODUCTIVE USE OR INVESTMENT.—No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of

trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

\* \* \* \* \* . \* \*

(3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

\* \* \* \* \* \* \*

(i) Definition of reorganization.—As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form or place of organization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

\* \* \* \* \* \* \*

SEC. 113. BASIS FOR DETERMINING GAIN OR LOSS.

(a) Property acquired after February 28, 1913.—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; \* \* \*

\* \* \* \* \* \* \*

SEC. 701. DEFINITIONS.

(b) The terms "includes" and "including" when used in a definition contained in this Act shall not be deemed to exclude other things otherwise within the meaning of the term defined.

Subdivision (a) of section 111 provides the method for computing the amount of gain or loss from the sale or other disposition of property. Subdivision (d) provides that the extent to which the gain or loss determined under the section shall be recognized for the purposes of the tax, shall be determined under the provisions of section 112. Section 112 provides that the entire amount of the gain or loss upon the sale or exchange of property determined under section 111 shall be recognized except in certain situations set out therein. Section 113 provides the basis for determining gain or loss.

Under the provisions of sections 111 and 113 the amount of gain realized by the petitioner is the difference between the cost of the stock of the Windsor Company to him, $40,000, and the fair market

value of the stock of the Beatrice Company at the time of its receipt in exchange therefor, $83,549. This gain, or $43,549, shall be recognized for the purpose of the tax unless it comes within the exceptions provided in section 112.

The stipulated facts show that the Beatrice Company acquired from the holders thereof for cash or in exchange for its own common capital stock all the common capital stock of the Windsor Company. It did not, however, acquire any of the preferred stock of the Windsor Company. The Windsor Company was not dissolved, but continued as a going concern, owning the same assets that it owned before the transaction took place. The capital structure of the Windsor Company was not changed in any way. Nor was the capital structure of the Beatrice Company changed as a result of the transaction. All the Beatrice Company did was to issue shares of its common stock in exchange for shares of stock in the Windsor Company. So far as the facts show there was no change in the identity, form or place of organization of the companies, nor did either of them acquire any of the assets of the other.

The exchange by which the petitioner acquired stock of the Beatrice Company does not come within the exception in paragraph 1, subdivision (b) of section 112, since that subdivision specifically provides that stocks are not included therein.

The exchange comes within the provisions of paragraph (3), subdivision (b) of section 112, provided there was a reorganization within the meaning of the term as defined in subdivision (i) of the same section. There, the term is defined as "a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation) * * *." It is plain that the transaction does not come within the parenthetical clause above quoted. It is not even claimed that any preferred stock was acquired and, clearly, it was not. A majority of each class of stock was not acquired, as is necessary to bring a transaction within the parenthetical clause. Nor did either company acquire any of the assets of the other as provided in section 112 (i). There was no recapitalization of either of the corporations, nor any change in their identity, form or place of organization as set out in subsection (i) of section 112.

The petitioner urges that while the Beatrice Company did not acquire any of the preferred stock of the Windsor Company, it acquired all of the common stock of that company; that under the circumstances here involved such acquisition constituted a reorganization within the commonly accepted meaning of the term and accord-

ingly meets the requirements of that portion of the parenthetical provision of subdivision (i) of section 112 relating to the acquisition by one corporation of stock in another. In support of this the petitioner relies on the provision of section 701 to the effect that the terms " includes " and " including " when used in a definition contained in the Act shall not be deemed to exclude other things otherwise within the meaning of the term defined.

The transaction, however, clearly was not a merger, as both corporations continued their separate existence with the same assets as before. Nor was it a consolidation. Neither corporation was dissolved; no new corporation came into being; both corporations had their own assets as before, with separate management. They were organized and existed under laws of different States. In no sense were the corporations united. It does not meet the statutory definition. Section 709, which provides that " includes " and " including " shall not be construed to exclude other things otherwise within the meaning of the term defined, does not enlarge the definition of reorganization, but merely means that the parenthetical clause following " merger or consolidation " in which " including " is used is not to be considered as an all-inclusive definition of " merger or consolidation."

To grant the petitioner's contention would mean going a step further and including within the meaning of the term " reorganization " a transaction coming within neither the parenthetical nor other provisions of subdivision (i). In view of the foregoing, we hold that the transaction was one the entire amount of the gain from which is to be recognized. See *Robert D. Green*, 24 B. T. A. 719.

The petitioner further contends that he did not realize any income from the exchange, having only received stock in one corporation for stock in another. He further contends that, in so far as sections 111, 112 and 113 of the Act determine and recognize a taxable gain from the transaction, they lay a direct tax upon personal property without apportionment and contrary to Article I, section 2, clause 3, and Article I, section 9, clause 4, of the Constitution and are therefore to that extent invalid.

The contention that income was not realized from the exchange or that it could not be constitutionally taxed as income must be decided adversely to the petitioner. *Marr* v. *United States*, 268 U. S. 536. Income having been realized, the tax thereon may, under the Sixteenth Amendment, be laid and collected without apportionment. The petitioner's contentions as to the validity of sections 111, 112 and 113 of the Act must therefore be denied.

The parties have stipulated that, if the respondent's determination is sustained, there is a deficiency for the calendar year 1928 of

$5,443.63, and that an order of redetermination may be entered for that amount.

Reviewed by the Board.

> *Judgment will be entered determining a deficiency of $5,443.63 for 1928.*